[Civ. No. 7145. Second Appellate District, Division One.—April 14, 1932.]

PASADENA MERCANTILE FINANCE CORPORATION (a Corporation), Plaintiff and Appellant, v. L. S. DE BESA et al., Defendants and Appellants; CARL RODECKER et al., Interveners and Appellants.

Walter M. Campbell for Plaintiff and Appellant.

Woodruff, Musick & Hartke, Laurence B. Martin, P. E. Keeler and C. H. Hartke for Defendants and Appellants, and for Interveners and Appellants.

YORK, J.—Plaintiff brought the within action to recover the sum of $21,600 paid by plaintiff to defendants as fiscal agents for plaintiff in the sale of its capital stock. The plaintiff corporation was organized October 29, 1924, and the first sale of stock was made about February 5, 1925. From the latter date until May 15, 1925, the defendants, together with one Hugh Kelley (these three owning a nominal amount of stock, which was all that had been issued), constituted the entire board of directors of plaintiff corporation. On May 15, 1925, a new board of directors was elected, defendants continuing to act as fiscal agents and continuing to sell stock under permit from the commissioner of corporations authorizing the payment of twenty per cent commissions.

At the time of the institution of the action an attachment was issued and levied upon property of the defendants, whereupon they filed with the sheriff a bond for the release of the attachment, signed by the interveners as sureties.

Findings of fact were made, from which the court made its conclusions of law to the effect (a) that plaintiff is entitled to judgment against defendants for the sum of $10,908.84, which included principal and interest; (b) that plaintiff is estopped to demand of and receive from said defendants the commissions paid to said defendants between the fifteenth day of May, 1925, and the fifteenth day of July, 1925, by reason of the fact that the control of the board of directors of said corporation passed, on said fifteenth day of May, 1925, from the defendants to directors appointed by them from among stockholders who had theretofore purchased stock in said corporation from said defendants, although no affirmative action was taken by said board of directors either appointing defendants as the fiscal agents of said corporation or ratifying any action taken by them as such fiscal agents; (c) that plaintiff is not entitled to judgment for the commissions paid to defendant De Besa between the fifteenth day of July, 1925, and the thirtieth day of July, 1925, because the stock sold between those dates was sold under the appointment of defendant De Besa as temporary fiscal agent of plaintiff.

Based upon the findings and the aforesaid conclusions, judgment was rendered for the said sum of $10,908.84, money had and received by defendants for the use and benefit of plaintiff between the fifth day of February and the second day of May, 1925, and that plaintiff take nothing as to the items of the claim for money paid subsequent to the second day of May, 1925.

Defendants appeal from said judgment and the whole thereof. Plaintiff appeals from so much of the judgment as denied to it the recovery of the sum of $1804 "had and received by defendants for the use and benefit of plaintiff between the 5th day of February, 1925, and the 2nd day of May, 1925, to-wit: on the 11th day of April, 1925", together with interest in the sum of $520.55; and from that part of the judgment which decreed that plaintiff take nothing as to the items of its claims sued upon for the period subsequent to May 2, 1925, that is to say, the items of its account

arising between the second day of May, 1925, and the fifteenth day of July, 1925, totaling $8,322, with interest thereon.

Defendants contend that the judgment is not sustained by the evidence and is against the weight of the evidence, and that it is against law.

Plaintiff maintains that the court erred in disallowing the item of $1804 and the items of commissions paid between May 2 and July 15, 1925.

Defendants, as directors of plaintiff corporation, occupied a fiduciary relation to the corporation and its stockholders. ▆ Having been entrusted with the management of the corporate property for the common benefit of the stockholders, directors, by their acceptance of office, preclude themselves from doing any act or engaging in any transaction in which their private interests conflict with the duty they owe to the stockholders, and from making any use of their power or of the corporate property to secure to themselves an advantage not common to all stockholders. (6 Cal. Jur. 1071.) ▆ The contract made with themselves whereby they employed themselves as fiscal agents for the sale of capital stock of the corporation was void as against public policy, and, therefore, was not subject to ratification by the new board of directors which was elected on May 15, 1925.

▆ On the other hand, the new board of directors, when it came into being on May 15, 1925, having elected to allow the defendants to continue to act as fiscal agents, and having elected to accept on behalf of the corporation the benefits derived thereby, became liable to said defendants for the commissions earned by them subsequent to May 15, 1925.

The judgment is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. The appeals are presented without any bill of exceptions, and therefore without any specification of errors, other than such specifications as may be found in the briefs.

In the very extensive opening brief on behalf of defendants, a reader may soon discover that defendants are intending to attack the court's findings of fact, or some of them. For it is said, that "the judgment entered is not sustained by the evidence and is against the weight of the evidence".

Probably the writer of the brief intended to assert that the findings of fact (on which the judgment rests) are not sustained by the evidence, and are against the weight of the evidence. The findings of fact are contained in nineteen separate paragraphs. To which ones, and to what parts, of these nineteen paragraphs are defendants directing their objections? And as to which ones is it claimed that they are wholly without evidence to sustain them? If in reality, defendants are arguing only that they are against the weight of the evidence, then in that respect they are asking the court of appeal to determine facts by passing upon the merits of conflicting evidence. But the courts of appeal will not thus usurp the functions of the trial court. In order to arrive at the merits of the appeal of defendants, in so far as those merits depend upon evidentiary matters, it is essential that there be some specification, directing attention to the particular facts found, as to which it is contended that there is no evidence legally sufficient to sustain them. There are no such specifications. Not only do the rules of practice require them, but the heavy burdens of the court make it unreasonable for a litigant to expect that the court will search the record to find errors therein. I shall assume, therefore, in this case, that the evidence is sufficient to sustain each and every finding of fact.

The next one of the principal grounds of appeal of defendants is found in the statement that ''the judgment is against the law''. This I interpret to mean that the facts found by the trial court do not legally justify the conclusions of law which the court announced, and which were carried into the judgment.

It was found by the court that on certain dates between February 5 and May 1, 1925, the defendants became indebted to the plaintiff for moneys had and received by them to the use of the plaintiff in certain sums amounting in all to $8,323, all of which remains due, owing and unpaid; that between October 29, 1924, and May 2, 1925, the defendants, without authority so to do, pretended to act as the fiscal agents of the plaintiff in the sale of its capital stock, and that they did, during said period, sell capital stock of the plaintiff corporation of a stated value, of which they have accounted to the plaintiff for all except the sum of $8,323; that the defendants then and there were officers of

said corporation and constituted a majority of the board of directors thereof, and by virtue thereof controlled said corporation, and did cause to be paid a commission to themselves of twenty per cent of the amounts received by said corporation on each of said respective sales, said commissions being paid at the time that each of said respective sales were made. It is further found that the defendants have failed, neglected and refused to pay to the plaintiff the sum of $8,323, or any part thereof, and that the same is due, with interest, etc. It is further found that it is untrue that the plaintiff acquiesced in, accepted and has retained the benefits of all of the stock sales in said plaintiff corporation made by the defendants; that it is *true* that all moneys derived from said stock sales were paid to the plaintiff corporation by the defendants or by the subscribers to said stock; that it is untrue that the plaintiff has kept and retained all of said moneys so received by the defendants from said stock sales above mentioned; that it is untrue that the plaintiff at all times knew that the defendants and each of them were, or that they believed themselves to be the lawfully authorized fiscal agents for said corporation; that it is untrue that said plaintiff corporation at no time prior to the receipt by the defendants through the mail of a purported notice of rescission of said alleged agreement for said fiscal agency informed the defendants or made known to the defendants that plaintiff did not consider them its fiscal agents; that it is true that said stock sales were made in good faith by the defendants and that it is untrue that the defendants are entitled to any commissions for sales of stock of the plaintiff corporation made by the defendants between October 29, 1924, and May 2, 1925; that it is untrue that the plaintiff is estopped from setting up or urging the invalidity of any agreement or agreements with the defendants as the fiscal agents of plaintiff corporation; that it is *true* that between the twenty-ninth day of October, 1924, and the second day of May, 1925, defendants pretended to act as the fiscal agents for the plaintiff corporation and being without legal authority so to do, and at the time when the defendants L. S. De Besa and H. C. Maynard were officers and directors of the plaintiff corporation, made stock sales in the plaintiff corporation amounting to $50,635, and caused the purchase price of said stock to be paid to the plaintiff corporation, and that con-

currently with each respective sale of said stock said defendants acting in the capacity of officers of the corporation caused to be paid to themselves, or their agent or nominee a commission of twenty per cent of each of said respective sales, which said commission said defendants were not authorized to pay.

It was upon the basis of the foregoing findings of fact that the court reached its conclusion that plaintiff is entitled to the judgment as entered against it in said sum of $8,323, with interest as computed thereon.

Under defendants' general assignment of error in their statement that "the judgment is against the law", their first specification (Opening Brief, p. 214) is that "the action of the lower court in admitting the minute book and the minutes of plaintiff in evidence in support of plaintiff's case is contrary to law". This point is not relevant to the principal proposition, but is a misplaced argument on an assignment of error somewhat informally made near the beginning of their brief, viz., that the court erred in overruling objections to the introduction of the minutes as evidence. Defendants (at pages 24 to 47) have quoted from the record some of the evidence, including a part of the minutes, and the objections made and the rulings thereon.

For a correct appreciation of the merits of the objections made to the admission in evidence, of the said minutes, it is well to have in mind that the evidence had shown (and the court by its findings found it to be true) that the control of the board of directors of plaintiff passed on the fifteenth day of May, 1925, from the defendants to directors appointed by them from among stockholders who had theretofore purchased stock in said corporation from the defendants. Although it was thus proved and established that the new directors were substituted into the board of directors or added to the board by action of the original directors themselves, it was not shown or found that the new directors were in any sense representatives of the defendants. On the contrary it appears that the newly constituted board of directors was composed of the same persons who on behalf of the corporation have been directing the prosecution of this action. It was by reason of this change in the control of the board of directors that the court found that the plaintiff is estopped to demand and receive from the defendants

the commissions which it paid to the defendants on sales made on and after May 15, 1925.

Overruling objections on the part of the defendants, the court received in evidence the minutes containing a resolution of the board of directors of the plaintiff adopted at a meeting held on the fifteenth day of May, 1925, as well as other minutes of later dates. Even if these rulings of the court were erroneous, I think that there was no resulting injury to the defendants.

Appellants (defendants) stress the proposition that the burden rested upon the plaintiff to prove its case. That is so, subject to the rule that the burden is upon the defendant to prove the facts of its affirmative defenses. In this action it is established, beyond controversy, that the defendants, at the time when they claim to have been authorized to charge and collect the commissions covered by the judgment against them, were the owners of all of the issued stock. But in addition, they were both promoters and directors of the corporation. Thus they became trustees, not merely for the corporation as originally constituted, but also for the stockholders who were induced to come in, and whose payments into the treasury constituted the very fund out of which the commissions were paid. (*Western States Life Ins. Co.* v. *Lockwood*, 166 Cal. 185, 190–195 [135 Pac. 496].) The contract to pay commissions was in effect a contract made by defendants with themselves, but in violation of a trust. Such contracts are said to be invalid, as being contrary to public policy. There is some confusion in the decisions, as to whether they are void, or only voidable. It seems to me that a contract may be void, or only voidable, according to the attendant facts. In the case at bar, the contract at the time when it was made was *prima facie* void. For the contract itself contemplated the existence of other stockholders who on purchasing stock would instantly be entitled to protection against a contract thus made.

It is true that a corporation *has power* to enter into a contract with a promoter or director, whereby a right to commissions for agency services may be acquired. But that power must be exercised by authorized persons. A director is without authority to act for the corporation in a contract with himself. As to that transaction he must be regarded as not a director. On application of this rule to the instant

case, and particularly to the commissions included in the judgment against defendants, it appears that there was never any act of the corporation authorizing the payment of those commissions. There being no contract, there was nothing in existence, and there was nothing capable of ratification.

I think that the judgment is also sustainable as against the cross-appeals. The facts, as set forth in the findings, are sufficient to create an estoppel against recovery from defendants, of commissions for services rendered by them after the entire situation with respect to those matters had become well known to the entire body of directors and stockholders.

HOUSER, J., Concurring.—I concur in the affirmance of that part of the judgment only by which it was ordered "that the plaintiff take nothing as to the items of the claim sued upon subsequent to the 2nd day of May, 1925". As to the conclusion reached by my associates regarding the remainder of the judgment of the lower court, I dissent.

First, I cannot agree that by its own minute record of a purported transaction which allegedly has occurred between the corporation and some other party, the corporation may in any manner support its cause of action. To my mind, such evidence is but self-serving, hearsay and incompetent.

Secondly, although I agree that ordinarily speaking, a director of a corporation legally should be regarded as a trustee for the corporation and the stockholders thereof, and consequently, in accordance with the well-established rule, may not, on behalf of the corporation, enter into binding contractual relations between it and himself; nevertheless, from a consideration of the authorities, I am convinced that such a contract is not void *ab initio*, but, to the contrary, is merely voidable. In other words, any contract between the corporation and one of its directors, however irregular and unenforceable in its inception, which contract, had it been entered into between the corporation and a third person would have been valid, either by subsequent acts of omission or of commission on the part of the corporation, may become as binding as though originally it was not properly or legally subject to any adverse criticism or objection. And just such a situation was present in the instant case. Acting upon an assumedly voidable contract, with not only constructive notice of all the facts relating thereto, but as well with

full actual knowledge of all of them, a new board of directors of the corporation, of which neither of the defendants was a member, not only completely ratified the original contract, but in addition thereto adopted it and continued it in force.

Thirdly, without a recitation of the pertinent facts which existed in connection with the point, I am clearly of the opinion that each of the stockholders of the corporation, as well as the corporation itself, was estopped from denying the legality of the contract.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 13, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1932.